**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICIA DOMINGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>Defendant. | Case No. CV 12-1019 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Alicia Dominguez ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (Joint Stip. at 13-21, 25.) The Court agrees with Plaintiff for the reasons discussed below.

    A.    <u>The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Credibility</u>

An ALJ may reject a claimant's credibility "only upon (1) finding evidence of

---

[1] Following the resignation of Michael J. Astrue, Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided *three* reasons in support of his credibility determination. The Court discusses – and rejects – each in turn.

First, the ALJ discounted the alleged severity of Plaintiff's symptoms as inconsistent with her conservative treatment plan. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). In particular, the ALJ found that Plaintiff – despite complaining of "completely debilitating pain" – medicates exclusively with Tylenol. (AR at 31.) But this is not so. In the *same* pain questionnaire cited by the ALJ, Plaintiff states that she has been taking hydrocodone twice daily since May 2009. (AR at 259.) This medication, however, "does not help" and so Plaintiff supplements with Tylenol. (*See* AR at 259-60.) In light of this apparent mischaracterization, this reason must be rejected here.

Second, the ALJ noted that Plaintiff has "never tested positive for myocardial infarction" despite having visited the emergency room several times for chest pain. The results of *objective* medical tests, however, speak little about a claimant's *subjective* pain. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (noting "the inability of medical science to objectively verify the extent of pain experienced by an individual"). Further, whether chest pain can exist absent myocardial infarction is an issue that is arguably medical in nature and is thus beyond the scope of the ALJ's expertise. *See Banks v. Barnhart*, 434 F. Supp.2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings" (internal quotation marks, alterations, and citations omitted)). Given these defects, this reason also fails to qualify as a clear

and convincing one.

Third, the ALJ found that Plaintiff's activities of daily living were inconsistent with her subjective complaints. Specifically, the ALJ contrasted Plaintiff's allegations of "total disability" with her abilities to cook, and bathe and groom herself. (AR at 31.) The ALJ went on and even noted Plaintiff's ability to rest at home, walk for two to three blocks, and stand for ten minutes. (*Id.*)

Unmentioned, however, is Plaintiff's clarification that she accomplishes many of these tasks with the assistance of her husband. (AR at 62.) Moreover, such daily, and often necessary, activities are not typically considered substantial gainful activities. *See Lewis v. Apfel*, 236 F.3d 503, 516 (9th Cir. 2001) (specifically referencing "taking care of oneself, household tasks, hobbies, school attendance, club activities, [and] social programs"). These activities can discredit a claimant only if they are transferable to a work setting and constitute a substantial portion of one's day. *Fair*, 885 F.2d at 603. The ALJ provided no evidence – and the Court cannot think of any – that would suggest that either is the case here.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited Plaintiff.

B.   Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, there are outstanding issues which must be resolved before a final

1 determination can be made.  On remand, the ALJ shall reconsider Plaintiff's
2 subjective complaints and the resulting functional limitations, and either credit
3 Plaintiff's testimony or provide clear and convincing reasons supported by
4 substantial evidence for rejecting them.  In addition, if necessary, the ALJ shall
5 obtain additional information and clarification regarding Plaintiff's impairments and
6 activities of daily living.

7       Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
8 **REVERSING** the decision of the Commissioner denying benefits and
9 **REMANDING** the matter for further administrative action consistent with this
10 decision.[2/]

12 Dated: February 21, 2013

13                               _____
14                                 Hon. Jay C. Gandhi
15                               United States Magistrate Judge

---

[2/]  In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention.  (*See* Joint Stip. at 4-9, 12.)